**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 6 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

In re:

JOSEPH E. BECKHAM,

Debtor.

J. MICHAEL MORRIS, Trustee,

        Plaintiff - Appellant,

v.

DEALERS LEASING, INC.,

        Defendant - Appellee.

No. 02-3035
D.C. No. 01-CV-1218-WEB
(D. Kansas)

ORDER AND JUDGMENT *

Before **O'BRIEN** and **PORFILIO** , Circuit Judges, and **KANE** ,** Senior District Judge.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\*     The Honorable John L. Kane, Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This is an appeal from an order of the district court affirming a ruling of the bankruptcy court denying the Trustee's complaint to avoid a security interest. The debtor, Joseph E. Beckham, entered into two commercial vehicle lease agreements with defendant Dealers Leasing, Inc. ("Dealers"). The Trustee alleged that the lease agreements were disguised sales and security interests, which he was entitled to avoid. The bankruptcy court denied the complaint after concluding the agreements were in fact leases rather than security interests. The district court affirmed.

> Our review of the bankruptcy court's decision is governed by the same standards of review that govern the district court's review of the bankruptcy court. Accordingly we review the bankruptcy court's legal determinations *de novo* and its factual findings under the clearly erroneous standard. A finding of fact is clearly erroneous if it is without factual support in the record or if, after reviewing all of the evidence, we are left with the definite and firm conviction that a mistake has been made.

*Conoco, Inc. v. Styler (In re Peterson Distrib., Inc.)*, 82 F.3d 956, 959 (10th Cir. 1996) (citations omitted).

This case was submitted on stipulated facts. Both the bankruptcy court and the district court relied upon Kan. Stat. Ann. § 84-1-201(37), which provides

a series of tests designed to distinguish security interests from true leases. On appeal, the Trustee argues: (1) the parties' intent is not outcome determinative; (2) the agreements were not terminable by the debtor; (3) the debtor could purchase the vehicles for nominal additional consideration; (4) under the economic realities of the transactions, the agreements are not true leases; and (5) given that the agreements are disguised security interests, Dealers failed to perfect its security interest and cannot prevail over the Trustee as a lien creditor. We have examined each of these arguments in light of the record and pertinent authorities, and conclude that the Trustee has failed to demonstrate reversible error in either the bankruptcy court's factual findings or its legal determinations.

The judgment of the United States District Court for the District of Kansas is therefore AFFIRMED for the same reasons stated in the bankruptcy court's Memorandum Opinion and Order of June 26, 2001, and the district court's Memorandum and Order of January 3, 2002.

Entered for the Court


John C. Porfilio
Circuit Judge